(No. 4432-)

LORRAINE L. GOETTING, WIDOW, ET AL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*

LORRAINE L. GOETTING, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Lorraine L. Goetting filed her complaint on April 24, 1951, as widow of Arthur L. Goetting, for compensation under the provisions of the Workmen's Compensation Act.

The record consists of the complaint, Departmental Report, and stipulation filed in lieu of evidence.

Mr. Goetting was first employed by the Division of State Police on January 9, 1950, as a State Highway Police Officer at a salary of $259.00 a month. He was married, but had no children under 18 years of age dependent upon him for support. He worked continuously in this classification and at the same salary rate until the date of his death, February 4, 1951. Earnings in the year preceding his injury totaled $3,108.00.

On February 4, 1951, Officer Goetting's assignment consisted of patrolling highways in Madison

County by means of a Division of State Police automobile. On the morning in question, Officer Goetting was proceeding in a southerly direction on S.B.I. Route No. 157 in the car assigned to him. At approximately 10:13 A.M., he approached a crossing of the Illinois Central Railroad in or near the unincorporated community of Peters Station. Apparently Officer Goetting failed to see an Illinois Central Passenger train approaching from the west, and he drove his car into the side of the two-section diesel locomotive. The impact threw Mr. Goetting out of the police car, and drug the car for some distance to the east on the railroad right-of-way.

A passing motorist, who saw the accident, notified the Division of State Police, and called an ambulance. Although it was thought that Officer Goetting was dead, he was removed to St. Elizabeth's Hospital, Granite City, where he was pronounced dead. The car was completely demolished.

The Division of State Police has paid no compensation in connection with this injury, neither has it paid any medical bills.

There is no jurisdictional question presented by the record, and we find that the fatal injuries to the decedent arose out of and in the course of his employment by respondent. The facts have been stipulated to between the parties hereto.

Decedent's compensation rate will, therefore, be the maximum of $15.00 per week. The accident having occurred subsequent to July 1, 1949, this must be increased 50%, making a compensation rate of $22.50 per week.

Claimant is entitled to an award of $6,000.00 compensation under Section 7, Paragraphs (a) and (1)

of the Workmen's Compensation Act.

An award is, therefore, made to claimant, Lorraine L. Goetting, in the sum of $6,000.00 payable as follows:

$687.84, which has accrued, is payable forthwith;

$5,312.16, payable in weekly installments of $22.50, commencing September 14, 1951, and continuing for 236 weeks, with a final payment of $2.16.

All future payments being subject to the provisions of the Workmen's Compensation Act, jurisdiction is hereby reserved in this cause for the entry of such further order or orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".